# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

IN RE:                                    )
                                          )      Case No. 13-21854
DANIEL CHEIFETZ,                          )
                                          )      Chapter 7
    Debtor.                               )
                                          )      Hon. Judge A. Benjamin Goldgar
                                          )
                                          )      Motion Date: July 17, 2013
                                          )
                                          )      Motion Time: 9:30 a.m.
                                          )

## NOTICE OF MOTION

TO:    CERTIFICATE OF SERVICE ATTACHED

PLEASE TAKE NOTICE that on **July 17, 2013** at **9:30 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge A. Benjamin Goldgar, of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, in Room 642at 219 South Dearborn, Chicago, Illinois, and shall then and there present the attached **Ridgestone Bank's Motion for Relief From The Automatic Stay As To 1729 Dodge St., Evanston, IL 60201**, a true and correct copy of which is hereby served upon you.

                        RIDGESTONE BANK

                        By:    ___/s/Joseph R. Santeler_____
                                 One of Its Attorneys

Joseph R. Santeler (#6296507)
Chuhak & Tecson, P.C.
30 South Wacker Drive, 26TH Floor
Chicago, Illinois  60606-7413
(312) 444-9300

## CERTIFICATE OF SERVICE

I, Joseph R. Santeler, an attorney, certify that on July 3, 2013, I electronically filed the **Ridgestone Bank's Motion for Relief From The Automatic Stay As To 1729 Dodge St., Evanston, IL 60201** with the Clerk of the Court using the CM/ECF system, which will send notification to the following parties:

| *Chapter 7 Trustee* | *Counsel for Debtor* |
|---|---|
| Joseph E. Cohen | David P. Leibowitz, ESQ |
| Cohen & Krol | Leibowitz Law Center |
| 105 W. Madison Suite 1100 | 420 Clayton Street |
| Chicago, IL 60602 | Waukegan, IL 60085-4232 |
| jcohen@cohenandkrol.com | dleibowitz@lakelaw.com |

I further certify that on July 3, 2013 I mailed by U.S. Postal Service **Ridgestone Bank's Motion for Relief From The Automatic Stay As To 1729 Dodge St., Evanston, IL 60201** to the following non-registered parties:

| *Debtor* |
|---|
| Daniel Cheifetz |
| 1338 Warrington Road |
| Deerfield, IL 60015 |

By:        /s/Joseph R. Santeler

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE:                        ) | |
|                           ) | Case No. 13-21854 |
| DANIEL CHEIFETZ,              ) | |
|                           ) | Chapter 7 |
|                           ) | Hon. Judge A. Benjamin Goldgar |
|                           ) | Motion Date: July 17, 2013 |
|                           ) | Motion Time: 9:30 a.m. |

## RIDGESTONE BANK'S MOTION FOR RELIEF FROM THE
## AUTOMATIC STAY AS TO 1729 DODGE ST., EVANSTON, ILLINOIS

RIDGESTONE BANK ("Ridgestone"), a secured creditor in the captioned Chapter 7 case, by its undersigned attorneys, and pursuant to Section 362(d) of the United States Bankruptcy Code (11 U.S.C. §101 *et seq.*) (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 4001(a)(1), moves this Court for the entry of an order granting it relief from the Automatic Stay, or, in the alternative, for adequate protection. In support thereof, Ridgsetone states as follows:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2) and venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The predicates for relief requested herein include 11 U.S.C. §§ 361, 362, and 363, as well as Fed. R. Bankr. P. 4001 and 6007(b).

## PARTIES AND BACKGROUND

3.      On May 24, 2013 (the "Petition Date"), Daniel Cheifetz (the "Debtor") filed a petition for relief under Chapter 7 of the United States Bankruptcy Code.

4.      Ridgestone is a secured creditor of Debtor by virtue of a commercial loan in the original principal amount of $1,666,000.00 from Ridgestone to Indie Energy Systems Company, LLC ("Loan I") evidenced by a Promissory Note dated June 15, 2010 executed by Indie Energy Systems, LLC (the "Borrower") in favor of Ridgestone ("Note I").  A true and correct copy of Note I is attached hereto as Exhibit A.

5.      Payment of Note I is guaranteed by the Debtor by virtue of an Unconditional Guarantee executed by the Debtor on June 15, 2010 whereby the Debtor guaranteed payment to Ridgestone of all amounts due and owing on Note I ("Guarantee I").  A true and correct copy of Guarantee I is attached hereto as Exhibit B.

6.      Note I is secured in part by a Real Estate Mortgage dated June 15, 2010 (the "Mortgage") covering property commonly known as 1729 Dodge St., Evanston, IL (the "Property") which was recorded with the Cook County Recorder of Deeds on June 23, 2010 as Document No. 1017412127.  A true and correct copy of the Mortgage is attached hereto as Exhibit C.

7.      Ridgestone is also a secured creditor of Debtor by virtue of a commercial loan in the original principal amount of $650,000.00 from Ridgestone to the Borrower evidenced by a Promissory Note dated February 24, 2011 executed by the Borrower in favor of Ridgestone ("Note II").  A true and correct copy of Note II is attached hereto as Exhibit D.

8.      Payment of Note II is guaranteed by the Debtor by virtue of an Unconditional Guarantee executed by the Debtor on February 24, 2011 whereby the Debtor guaranteed

- 4 -

payment to Ridgestone of all amounts due and owing on Note II ("Guarantee II"). A true and correct copy of Guarantee II is attached hereto as Exhibit E.

9. On May 1, 2012, the Borrower defaulted on Note I due to its failure to make a regularly scheduled Note I payment. The Debtor defaulted on his corresponding Guarantee I by failing to cure said Note I default.

10. On June 1, 2012, the Borrower defaulted on Note II due to its failure to make a regularly scheduled Note II payment. The Debtor defaulted on his corresponding Guarantee II by failing to cure said Note II default.

## BASIS FOR RELIEF REQUESTED

11. Pursuant to § 362(d) a party in interest may receive relief from the automatic stay:

    (1)    For cause, including the lack of adequate protection of an interest in property of such party in interest; or

    (2)    With respect to a stay of an act against property under subsection (a) of this section, if (A) the debtor does not have equity in such property; and (B) such property is not necessary to an effective reorganization.

12. Cause. "Cause" as used in Section 362(d)(1) of the Bankruptcy Code "has no clear definition and is determined on a case-by-case basis." In re Custom Designed Cabinetry & Construction, Inc., 08 B 71196, 2009 WL 603807 at *3 (Bankr. N.D. Ill. Mar. 9, 2009) citing In re Ferstrom Storage & Van Co., 338 F.2d 731, 735 (7th Cir. 1991). Pursuant to Section 362(d)(1) of the Bankruptcy Code, cause specifically includes "the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). As such, it is well established in the Northern District of Illinois that "if a creditor is threatened with a decline in the value of its interest in the estate's property, the estate must take action to make up the decline, either through cash payments or liens on other property, or through some other method that provides the 'indubitable equivalent' of the creditor's interest." In re Markos Gurnee P'ship,

- 5 -

182 B.R. 211, 220 (Bankr. N.D. Ill. 1995) accord 11 U.S.C. § 361 (listing methods of providing

adequate protection).

13.   The Debtor has failed to cure the default on Note I and Note II under the terms of

the corresponding loan documents referenced above, which default continues through the

present.   Therefore, Ridgestone is not receiving any payments to offset the depreciation of the

Property as discussed below.

14.   No Equity in the Property.   "Section 362(d)(2) allows a bankruptcy court to modify

the automatic stay to allow an undersecured lender to foreclose on the property securing its loan

if the property is not necessary to an effective reorganization."   Edgewater Walk Apartments v.

MONY Life Ins. Co. of America, 162 B.R. 490, 497 (Bankr. N.D. Ill. 1993).   In a hearing under

Section 362(d) of the Bankruptcy Code, the party seeking relief from the automatic stay has the

burden of proof as to the debtor's lack of equity in the subject property while the debtor opposing

the requested relief has the burden of proof on all other issues, including establishing adequate

protection. See 11 U.S.C. §362(g).

15.   As of the Petition Date, there remains due and owing on Note I the amount of

$1,121,925.90.   As of the Petition Date, there remains due and owing on Note II the amount of

$579,407.86.   Ridgestone is not receiving payments in satisfaction of the Loans, and the current

value of the Property is estimated at $65,000.00 according to Debtor's Schedule A, a copy of

which is attached hereto as Exhibit F.   Additionally, it is the Debtor's intent to surrender his

interest in the Real Estate.   A copy of Debtor's Statement of Intention, in relevant part, is

attached hereto Exhibit G.

16.   Given the uncontroverted fact that there is no equity in the Property, which is

continuing to depreciate, and the fact that the Property is not necessary for Debtor's

2134766\1\19918\49473

reorganization, as no reorganization is forthcoming in this Chapter 7 proceeding, Debtor is not impaired by allowing Ridgestone to proceed with foreclosure of its Mortgage.

17.   By reason of the foregoing and pursuant to § 362(d) of the Bankruptcy Code, Ridgestone is entitled to relief from the automatic stay to foreclose or otherwise take possession of the Property as described and identified herein.

18.   If the Court is not inclined to modify the automatic stay in order to allow Ridgestone to proceed against the Property, Ridgestone alternatively seeks entry of an order for adequate protection payments pursuant to §361 of the United States Bankruptcy Code. For its adequate protection, Ridgestone requests that the Debtor be ordered to do the following:

a.   Immediately pay any pre-petition arrearage and make timely post-petition monthly installment payments as required under the Loans;

b.   Deposit sufficient funds in escrow to cover the Property's outstanding taxes, as well as the Property's taxes going forward.

WHEREFORE, RIDGESTONE BANK prays for the following relief: (i) an order granting this motion; (ii) an order modifying the automatic stay to allow Ridgestone to commence foreclosure on the subject Property, (iii) an order waiving the requirements of Fed. R. Bankr. P. 4001(a)(3) and holding such order effective immediately upon its entry; (iv) or alternatively requiring the Debtor to make adequate protection payments; and (v) for such other and further relief as this Honorable Court deems just and appropriate.

Respectfully Submitted,

RIDGESTONE BANK

By:   /s/ *Joseph R. Santeler*
One of Its Attorneys

2134766\1\19918\49473

Joseph R. Santeler (#6296507)
Chuhak & Tecson, P.C.
Attorneys for Ridgestone Bank
30 South Wacker Drive, Suite 2600
Chicago, Illinois  60606
(312) 444-9300

2134766\1\19918\49473